IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MIGUEL CABRERA, | : | 4:11-cv-399 |
| | : | |
| Petitioner, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. J. Martin C. Carlson |
| ERIC H. HOLDER , | : | |
| | : | |
| Respondent. | : | |

**MEMORANDUM**

**February 20, 2013**

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Carlson (Doc. 23) filed on January 29, 2013 recommending that Petitioner Miguel Cabrera's ("Petitioner") petition for writ of habeas corpus be dismissed and that this case be closed. Objections to the R&R were due by February 15, 2013, and to date none have been filed. Accordingly, this matter is ripe for our review. For the reasons that follow, we shall adopt the R&R in its entirety, dismiss the petition and close this case.

**I.     STANDARD OF REVIEW**

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater,* 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel,* 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

## II. DISCUSSION

At issue in the habeas corpus matter is Petitioner's status as a removable alien based on his previous conviction for conspiracy to traffic drugs. We agree with Magistrate Judge Carlson that review of Petitioner's immigration status is beyond the scope of a habeas corpus petition for this Court and the issues asserted by Petitioner are precluded from review for the reasons that follow.

2

Petitioner is a native citizen of the Dominican Republic who was admitted to the United States April 4, 1978, as a lawful permanent resident. In 2003, Petitioner pled guilty to conspiracy to traffic drugs. In 2008, Petitioner pled guilty to attempting to bribe a federal official. While incarcerated for these offenses, Petitioner filed an Application for Naturalization based on his previous military service. This application was denied based on Petitioner's conviction for an aggravated felony. Petitioner appealed this decision through the hearing process and the decision was affirmed. During this process the Department of Homeland Security ("DHS") issued a Notice to Appear, charging that Petitioner was subject to removal from the United States. Petitioner appealed this decision to the Board of Immigration Appeals ("BIA"), which affirmed the removal. Petitioner then filed an appeal with the United States Court of Appeals for the Third Circuit which was denied on the merits. This petition for habeas relief followed.

Under the Real ID Act of 2005, the United States Court of Appeals, and not the United State District Court, has jurisdiction over final removal orders when a criminal alien challenges a denial of a claim of citizenship. 8 U.S.C. § 1252. Thus, this court lacks jurisdiction to render the relief requested by the Petitioner. *See Jordon v. Attorney Gen. For the U.S.*, 424 F.3d 320 (3d Cir. 2005). The proper avenue for Petitioner's claims is the United States Court of Appeals. However,

Petitioner has previously been heard by the United States Court of Appeals for the Third Circuit. *Cabrera-Ozoria v. Attorney Gen. Of U.S.*, 436 F. App'x 111 (3d Cir. 2011). The Third Circuit held the conviction at issue is an aggravated felony and Petitioner remains subject to removal. *Id*. at 114. The issues brought by Petitioner in this habeas petition are the same issues decided by the Third Circuit and therefore we agree with the Magistrate Judge that the doctrine of issue preclusion bars further discussion of these issues. Lacking jurisdiction and precluded from discussing the issues asserted by Petitioner, dismissal is proper.

  As we have already mentioned, the Petitioner has not filed objections to this R&R.  Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety.  With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case *sub judice*.  An appropriate Order shall issue.